## EXHIBIT A

**ALBERGOTTI ENGAGEMENT LETTER**

**GVS Portfolio I C, LLC**
**814 Lavaca Street**
**Austin, Texas 78701**

June 16, 2021

Robert D. Albergotti

**Re: Appointment and Agreement to Serve as Independent Director for Great Value Storage**

Dear Mr. Albergotti:

On behalf of GVS Portfolio I C, LLC and each of its subsidiaries (collectively, "Great Value Storage"), I am very pleased to confirm your appointment as Lead Director ("Director") to the Board of Directors (the "Board") for each of the subsidiary entities listed on Schedule 1 attached hereto (collectively, the "Company Group"), with primary responsibility for the restructuring of the Company Group. As Lead Director you will direct the professionals representing the Company Group, sign necessary pleadings and filings, negotiate with creditors and constituents, and appear as a witness on behalf of the Company Group.

In consideration of your service as a Director on the Board, and for so long as you remain a Director of each of the Company Group's Boards, the Company Group agrees to pay you a fee of $40,000.00 per month, which shall be paid in advance, beginning on the date above (the "Effective Date"). Additionally, the Company Group will pay you a completion fee in the amount of $200,000.00 upon the successful completion of the Company Group's restructuring process and exit of Chapter 11.

As a Board member, you will be entitled to reimbursement of your reasonable travel and other expenses incurred in conjunction with the negotiation of this Agreement (as hereinafter defined) and your services hereunder. As a material part of the consideration for your agreement to furnish your services as a Director on the Boards of the Company Group pursuant to the terms of this letter (the "Agreement"), World Class Holding Company, LLC and the Company Group (collectively, the "Company Group Entities") each agree (i) to indemnify and hold you harmless, to the fullest extent lawful, from and against any and all losses, claims, damages or liabilities (or actions in respect thereof), joint or several, arising out of or related to your engagement under, or any matter referred to in or related to, this Agreement, and (ii) to reimburse you for all reasonable expenses (including, without limitation, the fees and expenses of counsel) as they are incurred in connection with investigating, preparing, pursuing, defending, settling, compromising or otherwise becoming involved in any action, suit, dispute, inquiry, investigation or proceeding, pending or threatened, brought by or against any person or entity (including, without limitation, any shareholder or derivative action or any claim to enforce this Agreement), arising out of or related to your engagement under, or any matter referred to in, this Agreement. However, none of the Company Group Entities shall be liable under the foregoing indemnification provision for any loss, claim, damage or liability which arises out of any action or failure to act by you (other than an action or failure to act undertaken at the request or with the consent of any of the Company Group Entities) and is finally judicially determined by a court of competent jurisdiction to have resulted primarily from your willful misconduct or gross negligence.

If for any reason the foregoing indemnification or reimbursement is unavailable to you or insufficient to fully indemnify you or hold you harmless in respect of any losses, claims, damages, liabilities or expenses referred to in subsections (i) or (ii) above, then the Company Group Entities shall contribute to the amount paid or payable by you as a result of such losses, claims, damages, liabilities or expenses in such proportion as is appropriate to reflect the relative benefits received by the Company Group Entities, on

1

the one hand, and you, on the other hand, in connection with the matters contemplated by this Agreement. If, however, the allocation provided by the immediately preceding sentence is not permitted by applicable law, then the Company Group Entities shall contribute to such amount paid or payable by you in such proportion as is appropriate to reflect not only such relative benefits, but also the relative fault of the Company Group Entities (and its affiliates, and their respective directors, employees, agents and other advisors), on the one hand, and you, on the other hand, in connection therewith, as well as any other relevant equitable considerations. Notwithstanding the foregoing, in no event shall you be required to contribute an aggregate amount in excess of the amount of fees actually received you from the Company Group Entities pursuant to this Agreement. Relative benefits received by the Company Group Entities, on the one hand, and you, on the other hand, shall be deemed to be in the same proportion as (i) the total value paid or received or contemplated to be paid or received by the Company Group Entities, and its security holders, creditors, and other affiliates, as the case may be, pursuant to the transaction(s) (whether or not consummated) contemplated by the engagement hereunder, bears to (ii) the fees received by you under this Agreement. The Company Group Entities shall not settle, compromise or consent to the entry of any judgment in or otherwise seek to terminate any pending or threatened action, suit, dispute, inquiry, investigation or proceeding arising out of or related to your engagement under, or any matter referred to in, this Agreement (whether or not you are an actual or potential party thereto), or participate in or otherwise facilitate any such settlement, compromise, consent or termination by or on behalf of any person or entity, unless such settlement, compromise, consent or termination contains a release of you reasonably satisfactory in form and substance to you.

The Company Group Entities further agree that you shall not have any liability (whether direct or indirect and regardless of the legal theory advanced) to the Company Group Entities or any person or entity asserting claims on behalf of or in right of the Company Group Entities arising out of or related to your engagement under, or any matter referred to in, this Agreement, except for losses, claims, damages or liabilities incurred by the Company Group Entities which arise out of any action or failure to act by you (other than an action or failure to act undertaken at the request or with the consent of the Company Group Entities) and are finally judicially determined by a court of competent jurisdiction to have resulted primarily from your willful misconduct or gross negligence.

The Company Group Entities shall cause any new company or entity that may be formed by the Company Group Entities, for any purpose, to agree to all of the obligations in this Agreement to you in accordance with the foregoing provisions. Prior to entering into any agreement or arrangement with respect to, or effecting, any (i) merger, statutory exchange or other business combination or proposed sale, exchange, dividend or other distribution or liquidation of all or a significant portion of its assets, or (ii) significant recapitalization or reclassification of its outstanding securities that does not directly or indirectly provide for the assumption of the obligations of the Company Group Entities set forth in this Agreement, the Company Group Entities will notify you in writing thereof (if not previously so notified) and, if requested by you, shall arrange in connection therewith alternative means of providing for the obligations of the Company Group Entities set forth in this Agreement, including the assumption of such obligations by another party, insurance, surety bonds, the creation of an escrow, or other credit support arrangements, in each case in an amount and upon terms and conditions satisfactory to you.

The indemnity, reimbursement, and other obligations and agreements of the Company Group Entities set forth herein (i) shall, for the avoidance of doubt, apply to any activities or actions arising out of or related to your engagement under, or any matter referred to in, this Agreement, prior to the Effective Date, and to any modifications of this Agreement, and (ii) shall be in addition to any obligation or liability which the Company Group Entities may otherwise have to you. The Company Group agrees that you would be irreparably injured by any breach of any such obligations or agreements, that money damages alone would not be an adequate remedy for any such breach and that, in the event of any such breach, you shall be entitled, in addition to any other remedies, to injunctive relief and specific performance. In the event of

2

a dispute over this or any other provision herein, Texas law shall apply without regard to principles of conflicts of law.

In your capacity as a Board member, you will be expected not to use or disclose any confidential information, including, but not limited to, trade secrets of any former employer or other person or entity to whom you have an obligation of confidentiality. Rather, you will be expected to use only information that is generally known and used by persons with training and experience comparable to your own, that is common knowledge in the industry or otherwise legally in the public domain, or that is otherwise provided or developed by any member of the Company Group. In accepting this appointment, you are representing to us that there is not any conflict that would restrict you from serving as a Board member. In addition, during the term of your services as Board member and after termination of such services, you will not disclose any Company Group confidential proprietary information, or any information of a third party provided to you by the Company Group, which includes but is not limited to, all non-public tangible and intangible manifestations regarding patents, copyrights, trademarks, trade secrets, technology, inventions, works of authorship, business plans, data or any other confidential knowledge without the prior written consent of the Company Group.

This letter referred to herein, constitutes the entire agreement between you and the Company Group Entities. This letter supersedes any other agreements or promises made to you by anyone, whether oral or written, and it may only be modified in writing signed by a duly authorized signatory of the Company.

If the terms of this letter are acceptable to you, please indicate your agreement and consent by signing and returning this letter below.

Very truly yours,

**GVS PORTFOLIO I C, LLC**

By: _____
Name: Natin Paul
Title: President


**ACKNOWLEDGED AND AGREED:**


**WORLD CLASS HOLDING COMPANY, LLC**


By: _____
Name: Natin Paul
Title: President

Schedule 1

GVS Portfolio I B, LLC
GVS Portfolio I, LLC
WC Mississippi Storage Portfolio I, LLC
GVS Texas Holdings I, LLC
GVS Texas Holdings II, LLC
GVS Tennessee Holdings I, LLC
GVS Ohio Holdings I, LLC
GVS Ohio Holdings II, LLC
GVS New York Holdings I, LLC
GVS Illinois Holdings, LLC
GVS Indiana Holdings, LLC
GVS Missouri Holdings, LLC
GVS Nevada Holdings, LLC
GVS Colorado Holdings I, LLC

**AGREED AND ACCEPTED**:

*Robert D. Albergotti*                          6/17/2021

**ROBERT D. ALBERGOTTI**                   Date

**GVS Portfolio I C, LLC**
**814 Lavaca Street**
**Austin, Texas 78701**

June 23, 2021

Robert D. Albergotti

**Re: Addendum to June 16, 2021 Appointment Letter**

Dear Mr. Albergotti:

This letter addendum (this "Addendum") supplements that certain appointment letter, dated June 16, 2021 (as amended, modified, or otherwise supplemented by addendums, the "Appointment Letter")[1] to extend the scope of your appointment as contemplated therein as Lead Director to the Board of the Company Group to include GVS Portfolio I C, LLC on June 23, 2021.

Pursuant to Paragraph 1 of the Appointment Letter, this Addendum adds GVS Portfolio I C, LLC to the entities listed on Schedule 1 of the Appointment Letter, as reflected on the Amended Schedule 1 attached hereto. This Addendum also adds GVS Portfolio I C, LLC to the definition of "Company Group." The reimbursement and indemnification obligations in the Appointment Letter extend to work done on behalf of GVS Portfolio I C, LLC according to the terms of the Appointment Letter. For the avoidance of doubt, your appointment as Director to the Board for each Company Group shall be governed by the Appointment Letter except as otherwise set forth herein.

Please confirm your agreement with the foregoing by counter-signing below.

Very truly yours,

**GVS PORTFOLIO I C, LLC**

By: *Natin Paul*
Name: Natin Paul
Title: President

**ACKNOWLEDGED AND AGREED:**

**WORLD CLASS HOLDING COMPANY, LLC**

By: *Natin Paul*
Name: Natin Paul
Title: President

---

[1] Capitalized terms used but not otherwise defined in this Addendum shall have the meanings ascribed to them in the Appointment Letter.

Amended Schedule 1

GVS Portfolio I C, LLC
GVS Portfolio I B, LLC
GVS Portfolio I, LLC
WC Mississippi Storage Portfolio I, LLC
GVS Texas Holdings I, LLC
GVS Texas Holdings II, LLC
GVS Tennessee Holdings I, LLC
GVS Ohio Holdings I, LLC
GVS Ohio Holdings II, LLC
GVS New York Holdings I, LLC
GVS Illinois Holdings, LLC
GVS Indiana Holdings, LLC
GVS Missouri Holdings, LLC
GVS Nevada Holdings, LLC
GVS Colorado Holdings I, LLC

**AGREED AND ACCEPTED**:

/s/ Robert D. Albergotti
_____

**ROBERT D. ALBERGOTTI**

June 23, 2021
_____

Date